The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: (1) To what extent do the provisions of 19 O.S. 1230 [19-1230] through 19 O.S. 1262 [19-1262] (1978) apply to the maintenance and repair of county roads ? (2) If force account personnel are to be used as provided by 69 O.S. 633 [69-633] (1978), what factors need be considered ? (3) Must salaries of day labor personnel be included in the cost estimate ? (4) May the county surveyor be substituted under the provisions of 19 O.S. 1232 [19-1232] (1978) which requires the assistance of the county engineer ? Title 19 O.S. 1230 [19-1230] — 19 O.S. 1262 [19-1262] (1978) pertains to improvements on county roads. The application of these statutes, however, has been effected most recently by laws 1979, ch. 27, 1, which provides: "The provisions of sections 19 O.S. 1230 [19-1230] through 19 O.S. 1262 [19-1262] of the Oklahoma Statutes shall apply only to road improvement districts." Due to the above limitation imposed by the Thirty-seventh Legislature, first regular session, 19 O.S. 1230 [19-1230] through 19 O.S. 1262 [19-1262] (1978) apply only to road improvement districts. Thus, maintenance and repair of county roads outside a road improvement district may be performed pursuant to the provisions of the Oklahoma Highway Code of 1968, 69 O.S. 601 [69-601] et seq. (1978). Your second question is answered by 69 O.S. 633 [69-633] (1978) as amended by Laws 1979, ch. 92, 2 which provides, in pertinent part, as follows: "(a) When any culvert or bridge is to be constructed, or grade-and-drainage project is to be developed, or reconstruction, replacement or major repairs are to be accomplished by the board of county commissioners acting alone or in cooperation with the state or federal government, at an estimated cost of Ten Thousand Dollars ($10,000.00) or more, in either event, engineering plans and specifications shall be prepared and adopted for the project to insure sound engineering practices. The project shall be advertised for bids as provided for in Section 1101 of this Code, and the contract shall be let only after such notice at a public letting. If such construction work can be completed for a cost below or equal to the engineer's estimate or below any bid submitted at a public letting and so entered in its journal, nothing in this Code shall prevent the board from causing the same to be built by day labor, force account, and purchase by the county of materials in the manner hereinafter provided. (b) If the board of county commissioners deems it necessary, it may consult and seek the advice of the Department of Transportation regarding the design, construction and maintenance of such project, and the Department of Transportation may furnish such advice for any of the said projects to insure sound engineering practices. If provided, such services shall be furnished without cost or expense to the county. Specifically, 69 O.S. 633 [69-633] allows a board of county commissioners to build by day labor on force account and purchase materials, as provided, if the construction work contemplated can be completed for a cost below or equal to the engineers estimate or below bids submitted at public letting. 69 O.S. 633 [69-633] authorizes this alternative procedure so that the best and most economical method of doing the work may be ascertained by the board of county commissioners before the project is commenced. Your third question contemplates a construction project under the provisions of 69 O.S. 633 [69-633] (1978), as amended by Laws 1979, ch. 92, 2, utilizing day labor and purchase of materials on a force account basis. To be in compliance with the provisions of 69 O.S. 633 [69-633], the board of county commissioners would, by necessity, have to estimate the cost of day labor in connection with the costs of materials to be used so that a correct determination could be made when comparing with bids. Therefore, salaries of day labor personnel must be included in the cost estimate in order to allow for a correct determination when comparing costs with bids on a proposed construction project. Your final question is disposed of by a plain reading of 19 O.S. 1232 [19-1232] (1978), which provides, in pertinent part, the following: "When the board of county commissioners shall deem it necessary to grade, pave, construct, macadamize, chat or gravel, curb, gutter, drain, or otherwise improve any road, street, alley, avenue, lane or any part thereof which shall have been heretofore established, within the unincorporated area of such county, it shall by resolution, require the county engineer, or if there be no county engineer, contract for the services of a licensed engineer, as provided by Oklahoma Statutes, to prepare preliminary plans . . ." (Emphasis added). The above provision specifically requires the boards of county commissioners of this State to utilize the services of either the county engineer or if there be no county engineer a licensed engineer when contemplating improvements within a road improvement district. Nothing therein, however, prohibits the county surveyor, if duly licensed and registered as an engineer in Oklahoma, from being hired when there is no county engineer as provided by 19 O.S. 1232 [19-1232] (1978). It is, therefore, the opinion of the Attorney General that your questions be answered as follows: By virtue of Laws 1979, ch. 27, 1, the provisions of 19 O.S. 1230 [19-1230] through 19 O.S. 1262 [19-1262] (1978) apply only to road improvement districts; (2) 69 O.S. 633 [69-633] (1978), as amended by Laws 1979, ch. 92, 2, allows a board of county commissioners to build by day labor and on force account if construction work contemplated can be completed for a cost below or equal to the engineer's estimate or below submitted bids; (3) salaries of day labor personnel must be included in cost estimates in order to comply with 69 O.S. 633 [69-633] (1978), as amended by Laws 1979, ch. 92, 2; (4) Title 19 O.S. 1232 [19-1232] (1978) does not prohibit a board of county commissioners from hiring the county surveyor, if duly licensed and registered as an engineer in Oklahoma, to perform the required engineering work if there be no county engineer. (MICHAEL JACKSON) (ksg)